**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COAST EQUITIES, LLC,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>RIGHT BUY PROPERTIES, LLC; INVESTUS (MICHIGAN) LLC; EXIT STRATEGY APRIL 13, LLC; EXIT STRATEGY AUGUST 12, LLC; EXIT STRATEGY DECEMBER 12, LLC; EXIT STRATEGY FEBRUARY 13, LLC; EXIT STRATEGY JANUARY 13, LLC; EXIT STRATEGY JUNE 13, LLC; EXIT STRATEGY MARCH 13, LLC; EXIT STRATEGY MAY 13, LLC; EXIT STRATEGY NOVEMBER 12, LLC; EXIT STRATEGY SEPTEMBER 12, LLC; EXIT STRATEGY DECEMBER 13, LLC; RON MACKIE; JOHN J. GRACE,<br><br>Defendants-Appellees. | No.  15-35302<br><br>D.C. No. 3:14-cv-1076-ST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted June 7, 2017
Portland, Oregon

Before:     TASHIMA, GOULD, and RAWLINSON, Circuit Judges.

Coast Equities, LLC ("Coast Equities") appeals from the district court's dismissal of Defendants-Appellees Right Buy Properties, LLC ("Right Buy"); Ron Mackie; Investus (Michigan) LLC ("Investus"); and 11 "Exit Strategy LLCs,"[1] all for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Coast Equities alleges that Investus, the Exit Strategy LLCs, and Right Buy, through Coast Equities' president and owner Ronald Mackie, entered an agreement to sell Florida real estate to a California company. That company assigned its interest in the contract to Coast Equities, an Oregon and Nevada company. Coast Equities then sued appellees for breach of contract and fraud.

The sole issue before us is whether the district court, sitting in Oregon, correctly ruled that it lacked personal jurisdiction over the appellees. To establish

---

[1]The "Exit Strategy LLCs" are distinguished from each other by the month and day in their entity names. They are:  Exit Strategy April 13, LLC; Exit Strategy August 12, LLC; Exit Strategy December 12, LLC; Exit Strategy February 13, LLC; Exit Strategy January 13, LLC; Exit Strategy June 13, LLC; Exit Strategy March 13, LLC; Exit Strategy May 13, LLC; Exit Strategy November 12, LLC; Exit Strategy September 12, LLC; and Exit Strategy December 13, LLC.

specific personal jurisdiction, Coast Equities relies on e-mail and telephone

communications about the contract between Mackie, located in Michigan, and

Coast Equities' manager, located in Oregon.

> This circuit applies a three-part test to evaluate whether a court may exercise specific jurisdiction:
> 1. The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
> 2. The claim must be one which arises out of or results from the defendant's forum-related activities.
> 3. Exercise of jurisdiction must be reasonable.

*Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988).

Purposeful availment under the first prong can be satisfied in one of two

ways. For a contract claim, we "look to 'prior negotiations and contemplated

future consequences, along with the terms of the contract and the parties' actual

course of dealing' to determine if the defendant's contacts are '*substantial*' and not

merely 'random, fortuitous, or attenuated.'" *See Sher v. Johnson*, 911 F.2d 1357,

1362 (9th Cir. 1990) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479,

480 (1985)). For the fraud claim, we look for "purposeful direction," which is

analyzed "under the 'effects' test derived from *Calder v. Jones*, 465 U.S. 783

(1984)." *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

3

**1.** There was no purposeful availment. The contract negotiations occurred only by phone and e-mail, and we have held that "[t]he making of telephone calls and the sending of letters to the forum state [is] legally insufficient to enable the court to exercise personal jurisdiction over the non-resident defendant." *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985). The contract was a one-time transfer of real estate that had no future consequences tying Right Buy and Mackie to Oregon after closing. *See Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) (holding that California court lacked personal jurisdiction over out-of-state defendant in dispute over a "one-time contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside"). The terms of the contract and the parties' course of dealing did not involve Oregon.

**2.** Nor was there purposeful direction. Coast Equities has not shown that Right Buy or Mackie expressly aimed any of the allegedly fraudulent statements at Coast Equities in Oregon. *See Dole*, 303 F.3d at 1111 (requiring that the defendant "have engaged in wrongful conduct targeted at a plaintiff" known to be in the forum state (internal quotation marks omitted)).

• ● •

For these reasons, Coast Equities has not alleged sufficient facts to support personal jurisdiction under the first prong of the minimum contacts test. Therefore, "we need not consider whether [it has] satisfied parts two and three of the 'minimum contacts' test" in order to conclude that there is no personal jurisdiction over Right Buy or Mackie. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 817 (9th Cir. 1988). Because Coast Equities relies exclusively on Mackie's contacts with Oregon to establish personal jurisdiction over Investus and the Exit Strategy LLCs, the district court also lacked jurisdiction over those entities.

**AFFIRMED.**